___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED

AUG 21 2017    RE

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Russell Harris
Plaintiff
7363 148th Ave NE
Redmond, WA 98052
Email: russelldeanharris@gmail.com
Telephone Number: (520) 300-0423

## UNITED STATES DISTRICT COURT

## WESTERN WASHINGTON

Russell Dean Harris

    Plaintiff.

v.

Law School Admission Counsel, Seattle University School Of Law, Natasha Murphy, LSAC Regional Coordinator, In their official capacities

    Defendants.

No. **17-CV-01261** RSM

**Motion For Temporary Restraining Order**

Noted August 21st 2017

Relief requested by the 16th of September 2017

### I. Introduction

Russell Dean Harris, COMES NOW, Seeking a Temporary Restraining Order against the Defendants and their agents. The Defendants have denied Harris disability accommodations that he qualifies for in violation of the ADA. This court should grant this ex parte motion as 1) the defendants are unreachable, and are so on purpose 2) balancing the equities tips in favor of granting this order, 3) irreparable harm will be caused absent of injunction 4) plaintiff is entitled to the relief he is seeking as a matter of law, 5) plaintiff has a strong likelihood of success on the merits of his claim.

MOTION FOR TEMPORARY RESTRAINING ORDER      1

## II. Factual Background

Harris requested disability accommodations from this entity timely, on the 29th of July 2017(Comp at exhibit 1). On August 8th, 2017, the LSAC demanded more documentation, gave Harris ultimatums, and required Harris provide more documentation, but did not describe what documentation to be submitted to them in 48 hours. They then said Harris would not be receiving any accommodations at all. Harris filed a notice of appeal on the 8th of August (see Comp at exhibit 2), and an appellate brief on August 10th (see Compl at exhibit 3). On August 18th Harris requested the status of his appeal as per the entities requirements to provide a decision in 7 days, and LSAC responded that they would not be providing Harris accommodations and that Harris' appeal didn't count (see Compl at exhibit 4).

## III. Legal Standard

To obtain a temporary restraining order, the plaintiff must establish 1) a likelihood of success on the merits; 2) that irreparable harm is likely in the absence of preliminary relief; 3) that the balance of equities tips in Harris' favor; and 4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); Fed. R. Civ. P. 65(b)(1); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

And while the Harris can establish all of these factors, "[h]ow strong a claim on the merits is enough depends on the balance of harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133 (9th Cir. 2011) (quoting *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009)).

MOTION FOR TEMPORARY RESTRAINING ORDER     2

Thus, while Harris' claims on the merits are extremely strong, temporary relief would be appropriate even if they were less clearly meritorious given how sharply the balance of harms tips in the Harris' favor and the public's favor.

### IV. Likelihood of Success on the Merits

Harris' "failure to accommodate claim" has a strong likely hood of success on the merits.

The Defendant is Accountable to the ADA under Title III citing *Law Sch. Admission Council, Inc. v. State*, 166 Cal.Rptr.3d 647, 1274 (Cal. Ct. App. 2014). Harris is a qualified individual citing 42 U.S. C § 12102 (1)(2)(3).

Harris is regarded as ADHD and Autistic, has a history, and these conditions affect major life categories.

Harris requested disability accommodations and provided all of LSAC's self-stylized forms, history of past accommodations, and Harris' Medical Doctor and Psychologist attested that Harris would need the accommodations Harris requested. The defendant's refusal to accommodate is a violation of a Consent Decree and the ADA. The defendants may not refuse to accommodate in the manner that they have as Harris received both 1.5 extra time on exams at the undergraduate level and graduate level, and "Flexible Time" otherwise known as unlimited time on exams and assignments at the undergraduate and graduate level at Arizona State University. It was already so ordered by the Federal District Court that "applicants seeking certain accommodations that they have previously received on "any standardized examination offered in the United States related to applications for post-secondary admission." Consent Decree ¶ 5(a). LSAC must grant those accommodations" *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council Inc.*, Case No. 12-cv-01830-JCS (N.D.

MOTION FOR TEMPORARY RESTRAINING ORDER         3

*Cal. Aug. 7, 2015).*

Therefore, Harris' claims are strong enough to meet the standard for injunction.

### V. Irreparable Harm will occur Absent of Relief

Absent of relief, irreparable Harm will be caused to the plaintiff. LSAC has since stated that it will not be providing ANY accommodations, even ones previously approved unless Harris submit more documentation (see exhibit 1, this is more than enough and Compl ¶21-23) Additionally, they may not ask for more documentation and deny all of Harris' accommodations "LSAC shall not reject or deny a candidate's application for a particular testing accommodation (including a request for a different or additional testing accommodation than previously received) solely because the candidate has no formal history of receiving that testing accommodation" ( Dep't Of Fair Emp't & Hous. V. Law Sch. Admission Council Inc. No. C-12-1830 EMC (N.D. Cal. May. 29, 2014. They must provide a rational basis of why they will be needing more documentation and why that documentation that was provided was insufficient (Compl ¶23). They did not do so. And they also rejected Harris' appeal even though it is within their policy that Harris may appeal after being denied accommodations.

If Harris is not granted relief, Harm will be caused to the ADA *(see Mullins v. City of New York, 626 F.3d 47, 55 (2d Cir. 2010); Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 938–39 (9th Cir.1987) ("[A]allegations of retaliation for the exercise of statutorily protected rights represent possible irreparable harm far beyond economic loss."),* and to Harris as he will not have fair and equal access to his exam. Harris requires disability accommodations, and is furthermore entitled to them as a

MOTION FOR TEMPORARY RESTRAINING ORDER         4

matter of law.

## VI. Balance Of Equity Tips In Favor Of Protecting Public Rights And Harris' Need For Accommodations

Harris moves that when balancing the equities granting this order will protect the ADA, and protect Harris from the irreparable harm of being denied a fair and equal access to his exam. The net harm this order will prevent is such that 1) the power of the District Court's Consent Order will be reaffirmed, 2) The ADA will be upheld and 3) Harris will not have his rights violated. There will be no added expense of the defendants if his accommodations are granted. Harris will just take about 1h10mins per section out of 4 on his exam, and will be able to take breaks, clear his mind, focus up, continue, and mark answers in the test booklet (scantron's have been known to be too difficult for Harris in the past, also its super embarrassing that Harris has to take action against the defendants and mention that in pleadings to support his claims.

Granting this order is in the public's interest as the 1) public has an interest in the District Courts Orders meaning something 2) an interest in having fair and equal access 3) an interest in being protected from discrimination and retaliation 4) being accommodated of their disabilities and an interest in not being administratively harassed by the defendants. Granting this order serves the above interests.

## VII. Conclusion

Now, and for the above, this court should grant this motion.

Submitted August 21st, 2017

/s/ Russell Dean Harris

I AFFIRM UNDER PENALTY OF PURJURY THE INFORMATION AND ALLEGATIONS IN THIS COMPLAINT ARE TRUE.

## AFFIDAVIT OF SERVICE

**I CERTIFY I DELIVERED THIS 20th DAY OF AUGUST 2017**
**Original Delivered**
700 Stewart St,
Seattle, WA 98101

**COPIES**
**Delivered to the Defendants**
**VIA FAX and U.S. Mail To:**

**LSAC Accommodated Testing**
PO BOX 8512
Newtown PA 18940-8512
Email: accom@LSAC.org
Phone: 215.968.1001
Fax: 215.504.1420

**Natasha Murphy**
University of Seattle School of Law
1215 E Columbia St,
Seattle, WA 98122
Tel: (206) 398-4250
Fax: (206) 398-4058          /s/ Russell Dean Harris

I AFFIRM UNDER PENALTY OF PURJURY THE INFORMATION AND ALLEGATIONS IN THIS COMPLAINT ARE TRUE.

MOTION FOR TEMPORARY RESTRAINING ORDER          6