UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL DEAN HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNSEL, SEATTLE UNIVERSITY SCHOOL OF LAW, NATASHA MURPHY, LSAC REGIONAL COORDINATOR, in their official capacities,<br><br>Defendants. | Case No. C17-1261RSM<br><br>MINUTE ORDER |

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge: On August 21, 2017, *pro se* Plaintiff Russell Dean Harris filed a Motion for a Temporary Restraining Order ("TRO") against Defendants Law School Admission Counsel ("LSAC"), Seattle University School of Law, and Natasha Murphy, seeking a court order requiring Defendants to provide certain accommodations for Mr. Harris in the upcoming September 16, 2017, Law School Admissions Test ("LSAT"). Dkt. #7. Mr. Harris requests this Motion be heard *ex parte*, *i.e.* without notice and an opportunity to be heard, arguing that the applicable Rule 65(b) requirements are met.

MINUTE ORDER - 1

Dkt. #4 at 1. Mr. Harris states in an affidavit of service that he has delivered copies of this Motion to Defendants LSAC and Natasha Murphy via fax and U.S. mail. *Id.* at 6. Plaintiff does not indicate that Defendant Seattle University has been served.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO. *See* LCR 65(b)(5). The adverse party must file a notice "indicating whether it plans to oppose the motion within twenty-four hours after service of the motion," and "file its response, if any, within forty-eight hours after the motion is served." *Id.* No reply is permitted from Plaintiff. *Id.*

"Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1).

The Court has reviewed Mr. Harris' Motion and finds he has failed to demonstrate that immediate and irreparable injury will result before Defendants can be heard in opposition. There is no evidence on the record that any harm will occur to Mr. Harris in the next 48 hours. The testing date is several weeks away and LSAC's apparent deadline for Mr. Harris to seek accommodation has already passed. *See* Dkt. #3 at 39, 48. Accordingly, the Court will not grant *ex parte* relief and Defendants may file a response pursuant to Local Rule 65(b)(5).

MINUTE ORDER - 2

Importantly, because it is not entirely clear that Defendants will receive timely notice of the TRO Motion given Plaintiff's method of service, the Court will extend the deadlines for Defendants to file notices of intent to respond and to respond. **Defendants shall have until noon on August 24, 2017, to file notices and until noon on August 25, 2017, to file responses, if any.**

The Court DIRECTS the Clerk to mail a copy of this Minute Order to Plaintiff at 7363 148th AVE NE Redmond, WA 98052, and to Defendants at:

LSAC Accommodated Testing
PO BOX 8512
Newton, PA 18940-8512

Natasha Murphy
Seattle University School of Law
1215 E Columbia St
Seattle, WA 98122

The Court further DIRECTS the Clerk to email a copy of this Minute Order to the following addresses provided by Plaintiff: russelldeanharris@gmail.com; accom@LSAC.org.

DATED this 21 day of August, 2017.

WILLIAM McCOOL, Clerk

By: /s/ Rhonda Stiles
Deputy Clerk

MINUTE ORDER - 3